UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| GEORGE ARTHUR BRUMFIELD (#129996) | CIVIL ACTION |
| VERSUS | |
| STATE OF ALABAMA, ET AL. | NO. 08-0419-FJP-DLD |

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, this 29th day of January, 2009.

_____
DOCIA L. DALBY
MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

GEORGE ARTHUR BRUMFIELD (#129996)                    CIVIL ACTION

VERSUS

STATE OF ALABAMA, ET AL.                             NO. 08-0419-FJP-DLD

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The pro se petitioner, a prisoner currently confined in the State of Alabama, filed this action, entitled a "Petition for Mandamus in Emergency", asserting a challenge to his extradition from the State of Louisiana to the State of Alabama in October, 2007. The petitioner complains that, after serving out a sentence of confinement in the State of Louisiana, he was improperly extradited to the State of Alabama based upon an Alabama detainer which had been lodged against him. The petitioner filed this proceeding in July, 2008, while confined in the State of Alabama, and named as defendants herein the State of Alabama and the Alabama Department of Corrections. He asserts, inter alia, that because the State of Alabama did not present the proper paperwork to officials in the State of Louisiana to support the extradition, the extradition was improper, and this Court should enter an Order directing the United States Marshal's Office for the Middle District of Louisiana to travel to the State of Alabama, take possession of the petitioner, and return him to the State of Louisiana. In short, he prays for "imediate [sic] release from custody of the State of Alabama".

Although the petitioner couches his claim in terms of a mandamus proceeding, it is clear that he is complaining herein of constitutional violations allegedly committed by state officials relative to his ongoing criminal proceedings. Accordingly, this Court must initially determine whether this claim is one which is properly pursued under 42 U.S.C. § 1983, which statute provides

redress for constitutional violations allegedly committed by persons acting under authority of state law, or whether it is one which must be brought initially as a habeas corpus proceeding under 28 U.S.C. § 2241 et seq. This determination is made by focusing on the scope of relief actually sought by the plaintiff. Serio v. Members of Louisiana State Board of Pardons, 821 F.2d 1112 (5th Cir. 1987).

The plaintiff alleges, essentially, that after fully serving out a sentence of confinement in the State of Louisiana, he was transported to the 20th Judicial District for the State of Louisiana and was there held in parish jail pending an extradition hearing relative to a detainer placed against him by the State of Alabama. The petitioner complains that the paperwork provided to the state court judge was wholly deficient and potentially fraudulent and was insufficient to support the resulting extradition to Alabama in October, 2007. He seeks to be released from the custody of the State of Alabama and to be returned immediately to the State of Louisiana.

In Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), the Supreme Court held that a challenge by a prisoner to the fact or length of his confinement, and seeking immediate or speedier release from that confinement, must be pursued through a habeas corpus proceeding rather than in an ordinary civil rights action. It is clear in this case that the petitioner's claim, that he should be released from the custody of the State of Alabama, meets this test. Accordingly, it is clear that the present proceeding must be asserted as a habeas corpus proceeding, subject to the requirement that the petitioner exhaust all available state court remedies, a requirement which he has apparently not yet satisfied. Accordingly, the plaintiff's habeas claim is not properly before the Court.

Moreover, it appears that this Court lacks jurisdiction to address the petitioner's claims. Whether the petitioner's claim is characterized as one brought pursuant to 42 U.S.C. § 1983 to address the alleged violation of his constitutional rights by state officials acting under color of state law or one brought pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of his

confinement by state officials, it is clear that this action should be asserted in the State of Alabama where, in the first instance, all of the named defendants are located, see 28 U.S.C. § 1391 (addressing venue in a civil action) and in the second instance, where he is facing criminal proceedings and where he was confined at the time that he commenced this proceeding, see 28 U.S.C. § 2241(d) (addressing venue in a habeas corpus proceeding). Inasmuch as the petitioner was confined in the State of Alabama at the time that he filed the instant proceeding, and inasmuch as he has named as defendants only the State of Alabama and the Alabama Department of Corrections, it is appropriate that this proceeding be prosecuted in the State of Alabama.

## RECOMMENDATION

It is recommended that the plaintiff's Complaint be dismissed, without prejudice.

Baton Rouge, Louisiana, this ____29th____ day of January, 2009.

_____
DOCIA L. DALBY
MAGISTRATE JUDGE